IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD WING,

     Petitioner,

v.                                                    Civ. 12-184 BB/GBW

JAMES JANECKA,

     Respondent.

**PROPOSED FINDINGS & RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner's Petition under 28 U.S.C. § 2254

for a Writ of Habeas Corpus ("Petition").  *Doc. 5.*  Upon review of the Petition and

Respondent's Answer, I recommend that the Petition be dismissed with prejudice.

*Background*

Petitioner was arrested on August 18, 2012, due to his illicit communications

with an undercover officer whom he believed to be a twelve year old girl.[1]  *See doc. 11*

Ex. C ¶¶ 1-13.  Thereafter, Petitioner was charged in a twenty-count criminal

information for a variety of sexual crimes against children.  *See generally doc. 11* Ex. A.

At a jury trial, concluded on April 22, 2009, Petitioner was convicted of: one count of

Child Solicitation by Electronic Communication Device (Child under 13); four counts of

Criminal Sexual Penetration in the First Degree (Child under 13); four counts of Sexual

---

[1] The Petition does not turn upon the investigation, arrest, or facts of the offenses.  *See generally doc. 5.*
Rather, Petitioner challenges his conviction merely based upon specific allegations of ineffectiveness of
counsel.  *See id.*  As such, the Court need not delve into the vast majority of the facts underlying the trial.

Exploitation of Children (Manufacturing); one count of Criminal Sexual Contact of a

Minor in the Second Degree (Child under 13); and ten counts of Sexual Exploitation of

Children (possession). *Doc 5* at 2-3; *doc. 11* Ex. A.[2]  As a result of those convictions,

Petitioner was sentenced to a total of eighty-seven years' imprisonment. *Doc. 11* Ex. A.

at 10.

Petitioner's convictions and sentence were affirmed by the New Mexico Court of

Appeals on November 10, 2010. *Doc. 11* Ex. H.  The New Mexico Supreme Court

denied certiorari. *Doc. 11* Ex J.  On May 26, 2011, Petitioner filed a petition for a writ of

habeas corpus with the state trial court. *See doc. 11* Ex. L.  The trial court denied the

writ. *Doc. 11* Ex. M.  Likewise, the New Mexico Supreme Court denied Petitioner's

petition for a writ of certiorari regarding that denial on October 19, 2011. *Doc. 11* Ex. Q.

Petitioner now seeks a writ of habeas corpus from this Court alleging various bases for

relief. *See generally doc. 5.*

### *Analysis*

An individual in custody pursuant to a state court judgment can move for a writ

of habeas corpus in a district court asserting that the state's custody is "in violation of

the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A federal

court may only grant such a writ where a petitioner exhausts all state court remedies,

where the state has no available corrective process, or where "circumstances exist that

---

[2] The jury found Petitioner not guilty of one additional count which was subsequently dismissed by the trial court. *Doc. 11* Ex. A at 3.

render such process ineffective to protect the rights of the applicant." *Id.* (b)(1).  A claim

is only exhausted where "the state prisoner . . . give[s] the state courts an opportunity to

act on his claims before he presents those claims to a federal court in a habeas petition."

*Thacker v. Workman*, 678 F.3d 820, 839 (10th Cir. 2012).   Where the state courts have

ruled upon an issue, this Court will only grant relief if the state court's "resolution of [a

petitioner's] claims 'was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States; or …

was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." *Ochoa v. Workman*, 669 F.3d 1130, 1134 (10th

Cir. 2012) (quoting 28 U.S.C. § 2254(d)).  Any factual findings of the state court "are

[presumed] correct unless the petitioner rebuts the presumption by 'clear and

convincing evidence.'" *Id.* (quoting 28 U.S.C. § 2254(e)(1)).

 Pursuant to the Sixth Amendment to the Federal Constitution, "[i]n all criminal

prosecutions, the accused shall . . . have the assistance of counsel for his defense."  U.S.

Const. Amend. VI.  In certain circumstances, defense counsel's  handling of a matter

may be so deficient as to constitute denial of the assistance required by the Sixth

Amendment.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In order to prove

ineffective assistance of counsel, a petitioner must "show both that his counsel provided

deficient assistance and that there was prejudice as a result."  *Harrington v. Richter*, 131

S. Ct. 770, 787 (2011).

The Supreme Court has recently expounded upon the specific requirements when a court undertakes the review called for in *Strickland*:

> To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the *Sixth Amendment*.
>
> With respect to prejudice, a challenger must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Counsel's errors must be so serious as to deprive defendant of a fair trial, a trial whose result is reliable.
>
> Surmounting *Strickland*'s high bar is never an easy task . . . . Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge . . . . The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.

*Id.* at 787-88 (internal quotations and citations omitted).

*Exhausted Claims*

Ordinarily, this Court may only grant habeas relief on claims that were first brought before the highest court of the state. *See* 28 U.S.C. § 2254(b)(1). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

*Harrington*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Moreover, the specificity of the rule applied by the state court must be considered.

*Harrington*, 131 S. Ct. at 786.  "The more general the rule, the more leeway courts have

in reaching outcomes in case-by-case determinations."  *Id.* (internal quotation omitted).

In fact, "even a strong case for relief does not mean the state court's contrary conclusion

was unreasonable."  *Id.*

"To show ineffective assistance of counsel, the burden is on the petitioner to

present evidence and to prove the facts underlying his claim."  *United States v. Saavedra-*

*Villasenor*, 316 Fed. App'x 718, 721 (10th Cir. 2008) (citing *United States v. Cronic*, 466 U.S.

648, 658 (1984).  Where either *Strickland* prong is not met, a claim for ineffectiveness of

counsel fails.  *See Sallahdin v. Gibson*, 275 F.3d 1211, 1235 (10th Cir. 2002) ("To establish

ineffective assistance of counsel, [Petitioner] must meet both prongs of the *Strickland*

analysis.").

The burden when considering an already-denied claim of ineffectiveness of

counsel is even heavier – "[t]he standards created by *Strickland* and *§ 2254(d)* are both

highly deferential, and when the two apply in tandem, review is doubly so . . . ."

*Harrington*, 131 S. Ct. at 788 (internal citations and quotations omitted).  "When *§ 2254*

applies, the question is not whether counsel's actions were reasonable[; rather, t]he

question is whether there is any reasonable argument that counsel satisfied *Strickland's*

deferential standard."  *Id.*

Petitioner offers four bases for his claims of ineffectiveness of counsel which were previously presented to the state court.  First, Petitioner contends that counsel was ineffective for failing to call certain witnesses on his behalf.  *Doc. 5* at 5.  Second, Petitioner contends that counsel denied him the right to testify in his own defense.  *Id.* at 6.  Third, Petitioner alleges that counsel refused to call a witness who had made a statement in support of Petitioner while monitored by a polygraph machine.  *Id.* Finally, Petitioner claims that counsel was ineffective by allegedly refusing to present certain photographic evidence.  *Id.* at 7.

The state courts rejected all these claims for failing to meet either *Strickland* prong.  In the state habeas proceedings, the district court found, and the appellate courts affirmed, that "Counsel provided to Petitioner the skill of a reasonably competent attorney.  In addition, Petitioner's allegations of ineffective assistance of counsel fail to show he was prejudiced."  *Doc. 11*, Ex. M ¶ 1.[3]  Having not ordered a complete record of the trial proceedings in this matter, I express no opinion as to the reasonableness of the state courts' determination that Petitioner's trial counsel was effective.  However, having closely reviewed Petitioner's direct appeal and his state habeas petition, I conclude that the state courts were not unreasonable in finding that

---

[3] On direct appeal, the state courts rejected his ineffective assistance claims solely on the failure to show prejudice.  *Doc. 11*, Ex. H at 3 ("Defendant has not shown prejudice to his defense, in accordance to the second requirement of Strickland with regard to any of his allegations.  On this basis alone, we reject Defendant's argument.").

Case 2:12-cv-00184-JAP-GBW   Document 12   Filed 08/13/12   Page 7 of 10

Petitioner failed to establish any prejudice from his counsel's alleged failures.[4]  *Id.*, Ex.

L, M, P, Q.  Because one must satisfy both prongs of the two-prong test to prevail, this

conclusion means that the state court's rejection of Petitioner's ineffective assistance

claims was not unreasonable.

    Therefore, I recommend that these ineffective assistance claims, which were

presented to and rejected by the state courts, be dismissed with prejudice.

*Unexhausted Claims*

    Petitioner also makes two ineffective assistance of counsel claims that he did not

present to the state court on either direct appeal or habeas petition.  First, he claims that

his counsel was ineffective because he failed to invoke the rule requiring sequestration

of witnesses until the second day of the trial.  *Doc. 5* at 7.  Second, he argues that the

"net effect of these errors is that [he] was deprived of his right to a fair trial."

    Although exhaustion is a requirement for the granting of habeas relief, it is not

required where the Court would otherwise deny a claim on its merits.  *See* 28 U.S.C.

§ 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits,

notwithstanding the failure of the applicant to exhaust the remedies available in the

courts of the State.").  Where, as here, a petition contains both exhausted and

unexhausted claims, the Court has four options: (1) dismiss the entire petition; (2) stay

the petition pending the petitioner's return to the state court for unexhausted matters;

---

[4] I also note that, pursuant to *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), this Court cannot consider any additional evidence Petitioner might attempt to present on this issue for the first time in federal court.

(3) allow petitioner to dismiss the unexhausted claims and proceed solely on the exhausted issues; or (4) "ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . ." *See Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (discussing mandate to district court when remanding case that district court addressed despite petition being mixed). Because, as with the exhausted claims, I conclude that neither of these claims has merit, I recommend the fourth option.

When a petitioner alleges ineffective assistance of counsel for failure to invoke the rule of sequestration, he must specifically allege "which witnesses were present during other witnesses' testimony." *Cannon v. Mullin*, 383 F.3d 1152, 1166 (10th Cir. 2004). Without such specificity, the Court cannot "determine whether there was good cause for the witnesses to be present…, or whether any prejudice could have resulted." *Id*. In the instant case, Petitioner has failed to make any such specific allegations. He says only that "counsel's failure to 'invoke the rule' allowed the State witnesses to hear other witness's testimony, which may have influenced their future testimony and was proven at trial to have conflicted with pre-trial testimony and or depositions." *See doc. 5* at 7. This conclusory allegation is quite similar to the inadequate allegation rejected in *Cannon*. *See Cannon*, 383 F.3d at 1166 (rejecting as inadequate claim that failure to invoke the rule "allowed the prosecution witnesses to sit and listen to each other testify and specifically craft their own testimony to prejudice [him]"). Given that there is no

support for an ineffective assistance of counsel claim on this ground, I recommend its

denial.

Finally, Petitioner seeks relief based upon alleged cumulative error.[5]

"Cumulative-error analysis applies where there are two or more actual errors.  It does

not apply, however, to the cumulative effect of non-errors."  *Castro v. Ward*, 138 F.3d

810, 832 (10th Cir. 1998) (internal quotation omitted).  In his federal petition, all but one

of Petitioner's claims lack any allegations of prejudice.  He complains about counsel's

failure to call witnesses but does not identify any particular witness or their anticipated

testimony.  He complains about counsel's failure to call Petitioner himself to the stand

but does not explain how his testimony would have led to a different result.  Likewise,

as discussed above, Petitioner's argument regarding the failure to invoke sequestration

of witnesses lacks any facts which could support a finding of prejudice.  Therefore, none

of these claims should be considered in the determination of whether there was

"cumulative error."

Only as to the claim about the failure to admit photographs does Petitioner allege

prejudice.  *See Doc. 5* at 7  ("(pictures taken … at the jail of the defendant) would show

distinguishing marks of the defendant that were not present on the individual depicted

in the States [sic] evidence pictures used at trial").  As described above, the state courts

---

[5] The claim of cumulative error was raised in his direct appeal before the New Mexico Court of Appeals. *Doc. 11*, Ex. E at 14.  That court rejected the argument.  *Id.*, Ex. H at 7.  However, in his petition for writ to the New Mexico Supreme Court, Petitioner did not raise the cumulative error argument.  Therefore, it is unexhausted.  *See O'Sullivan v. Boerkel*, 526 U.S. 838, 843-49 (1999).

reasonably rejected this claim.  *See supra pp. 6-7.*  One ineffective assistance claim which

has been reasonably rejected by the state court cannot constitute a "cumulative error"

claim in the later federal petition.  Thus, although unexhausted, I recommend denial of

Petitioner's "cumulative error" claim.

### *Conclusion*

On each of Petitioner's exhausted claims, the state courts' denials of relief were

not contrary to or involve an unreasonable application of clearly established federal

law.  Nor were those denials based on an unreasonable determination of the facts.  With

respect to Petitioner's two unexhausted claims, they both lack merit.  Because none of

Petitioner's claims have merit, I recommend ignoring his failure to exhaust those two

claims and denying the entire Petition.

Wherefore, IT IS HEREBY RECOMMENDED that Petitioner's Petition Under 28

U.S.C. § 2254 for a Writ of Habeas Corpus, *(doc. 5)*, be DENIED and this matter be

DISMISSED WITH PREJUDICE.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF
SERVICE** of a copy of these Proposed Findings and Recommended Disposition they
may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §
636(b)(1).  **A party must file any objections with the Clerk of the District Court within
the fourteen-day period if that party wants to have appellate review of the proposed
findings and recommended disposition.  If no objections are filed, no appellate
review will be allowed.**