IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD WING

    Petitioner,

v.                                                  Civ. No. 12-184 JAP/GBW

JAMES JANECKA,

    Respondent.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

On August 13, 2012, the United States Magistrate Judge issued his Proposed Findings and Recommended Disposition (PFRD) (Doc. No. 12). In response, Petitioner filed his PETITIONER'S OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Objections) (Doc. No. 16), which the Court will deny. The Court will adopt the Magistrate Judge's Proposed Findings and Recommended Disposition and will dismiss PETITIONER'S PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS (Doc. No. 5).

**I.**      **BACKGROUND**

At trial in 2009, Petitioner was convicted of one count of Child Solicitation by Electronic Communication Device (Child under 13); four counts of Criminal Sexual Penetration in the First Degree (Child under 13); four counts of Sexual Exploitation of Children (Manufacturing); one count of Criminal Sexual Contact of a Minor in the Second Degree (Child under 13); and ten counts of Sexual Exploitation of Children (Possession). *Doc 5* at 2-3; *doc. 11*, ex. A. Petitioner was sentenced to eighty-seven years of incarceration. *Doc. 11,* ex. A at 10.

The New Mexico Court of Appeals affirmed the convictions on November 10, 2010, *doc. 11*, ex. H, and the New Mexico Supreme Court denied certiorari on January 10, 2011, *doc. 11,* ex J. On May 26, 2011, Petitioner filed a petition for a writ of habeas corpus with the state trial court. *Doc. 11*, ex. L. The trial court denied the petition on July 27, 2011. *Doc. 11,* ex. M. On October 19, 2011, the New Mexico Supreme Court denied Petitioner's petition for a writ of certiorari. *Doc. 11*, ex. Q.

On March 23, 2012, Petitioner filed PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS on the ground of ineffective assistance of counsel (Doc. No. 5). He alleges that his trial counsel refused to call defense witnesses despite Petitioner's repeated requests and refused to allow Petitioner to testify on his own behalf. *Id*. at 6. He also claims that his trial counsel did not move to exclude the prosecution's witnesses from the courtroom, allowing the witnesses to coordinate their testimony. *Id*. at 7. Lastly, Petitioner claims that his trial counsel failed to present allegedly exculpatory evidence. *Id*.

In his PFRD, the Magistrate Judge found Petitioner's exhausted claims meritless because the state courts were not unreasonable in concluding that Petitioner had failed to demonstrate any prejudice resulting from his trial counsel's alleged failures, as required under *Strickland v. Washington*, 466 U.S. 668 (1984). *Id*. at 4-5. The Magistrate Judge also recommended denying Petitioner's unexhausted claims on the merits. *Id*. at 8. As to Petitioner's claim that his trial counsel failed to invoke the sequestration rule, the Magistrate Judge determined that the allegations were too conclusory to support a finding of prejudice. *Id*. He also determined that Petitioner failed to allege sufficient prejudicial errors to justify relief under the cumulative error

analysis. *Id*. at 9. The Magistrate Judge therefore recommended that Petitioner's petition be dismissed with prejudice. *Id*. at 10.

Petitioner was advised that his objections were due no later than August 30, 2012. Petitioner filed no objections by that date. On September 13, 2012, two weeks after the original objection deadline, Petitioner sought an additional six months to respond to the PFRD. *See doc. 13*. The Court granted this extraordinarily long extension. *See doc. 14*. On December 13, 2012, four months after the filing of the PFRD, Petitioner filed "Petitioner's Objections to Proposed Findings and Recommended Disposition." *Doc. 16*.

II.    **ANALYSIS**

Although Petitioner entitles his filing as "Objections," to the PFRD, it is properly construed as a motion for leave to amend his petition. Petitioner presents no objections of any kind to the facts, law or analysis contained in the PFRD. *See id*. Instead, he requests that "this Court grant him leave to amend his petition to attempt to better explain his grounds and present this Court with information/evidence to show his grounds are meritorious." *Id.* at 2. In the alternative, Petitioner requests "a stay to exhaust his unexhausted claims before the state court." *Id*. at 3.

Amendment of pleadings is governed by Federal Rule of Civil Procedure 15.[1] Because Petitioner failed to file his amended petition within 21 days of Respondent's answer, he is not entitled to amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Rather, Petitioner may only amend his petition with Respondent's consent or this Court's leave. *Id*. 15(a)(2).

---

[1] Federal Rule of Civil Procedure 15 applies to § 2254 cases. *Mayle v. Felix*, 545 U.S. 644, 654 (2005).

Respondent has not consented to the amendment, but "[t]he Court should freely give leave [to amend] when justice so requires." *Id*. Whether to grant to amend leave lies "'within the discretion of the trial Court,'" and leave to amend may be denied for "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment.'" *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1132 (10th Cir.1987) (*quoting Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321-30 (1971)). Additionally, "' [w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to include them in the original complaint, the motion to amend is subject to denial.'" *Las Vegas Ice & Cold Storage v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990) (*quoting State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir.1984)). Furthermore, "[u]ntimeliness alone may be a sufficient basis for denial [and] prejudice to the opposing party need not also be shown." *Id*.

Petitioner's motion to amend is subject to denial on the bases of futility and undue delay. With respect to futility, Petitioner has presented nothing that would suggest that an amendment would address the fatal flaws described in the PFRD.[2] Moreover, the Court's review reveals no clarification or supplement to the arguments presented in the Petition which would correct the fundamental problems described in the PFRD. As such, any amendment would be futile. With

---

[2] An independent basis for a denial of Petitioner's motion is his failure to comply with the local rules. Local Rule 15.1 requires that a proposed amendment accompany a motion to amend. D.N.M.LR-Civ. 15.1. Petitioner has not attached a proposed amended petition, nor has he described his proposed amendments. *See doc. 12*. "While pro se petitions must be liberally construed, dismissal is proper for failure to comply with local rules." *Maghe v. Cody*, 982 F.2d 529, at *1 (10th Cir. 1992) (citing the Federal Rules Governing Section 2254 Cases in the United States District Courts); *see also McDow v. Gonzales*, No. 07-1266, 2008 WL 4820786, *17 (D.N.M. June 23, 2008) (denying prisoner's motion for leave to amend his § 1983 complaint when he neither attached a proposed amended complaint nor described his proposed amendments in his motion).

respect to undue delay, the Petition was filed almost ten months ago. *See doc. 5*. The PFRD was filed more than five months ago. Petitioner failed to file any objections to the PFRD within the original statutory time limit. Nonetheless, this Court granted his belated motion for an extraordinarily long extension of time. Still, Petitioner has filed not a single objection. His request for more time to amend his Petition fails to even hint at what those amendments might be. *See supra* note 2. Under these facts, even considering Petitioner's pro se status, the Court concludes Petitioner has unduly delayed amending his Petition. The Court will deny Petitioner's motion to amend on the bases of futility and undue delay.

In the alternative, Petitioner asks that this Court stay his petition so that he can exhaust his unexhausted claims in state court. A district court has discretion to stay a habeas petition that contains both exhausted and unexhausted claims to allow the petitioner to exhaust the unexhausted claims in state court. *See Rhines v. Webber*, 544 U.S. 269, 276 (2005). However, a stay "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. at 277. "Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id*.

Here, the Magistrate Judge specifically found that Petitioner's unexhausted claims are meritless. *See doc. 12* at 8. Petitioner has not objected to these findings and he has not provided any facts or argument in his motion that undermines them. He also has not shown good cause for failing to exhaust the unexhausted claims in state court. Petitioner has therefore failed to demonstrate that he is entitled to a stay.

III. **CONCLUSION**

Petitioner's motion to amend is futile and unduly delayed. Thus, it will be denied. He has also failed to show that a stay would be appropriate, so the request for a stay will be denied.

Petitioner has raised no objections to the Magistrate Judge's PFRD. Upon review of the record, the Court concurs with the Magistrate Judge's findings and recommendations.

IT IS ORDERED that:

1. PETITIONER'S OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDED DISPOSITION(Doc. No. 16) are construed as a motion to amend and as a motion to stay, and those motions are DENIED.;

2. The Magistrate Judge's PFRD, (Doc. No. 12) is ADOPTED; and

3. PETITIONER'S PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS (Doc. No. 5) will be DISMISSED with prejudice.

*James A. Parker*

SENIOR UNITED STATES DISTRICT JUDGE